## James M. Estill *v.* William G. Holmes.

A defendant will not be permitted, by shifting his grounds of defence, to contradict, by an amended answer, facts stated and admissions made by him in his original answer.

A purchaser, fully aware of the danger of eviction at the time of the purchase, cannot resist payment of the price on the ground of eviction. C. C. 2481.

Action by the payee on a promissory note. Defendant answered, pleading a failure of consideration, and alloging that the note was given in error, for the price of a tract of land, purchased by plaintiff from a person to whom defendant had previously sold it. In an amended answer, filed at a subsequent term, he averred, that the note was executed for the price of a tract of land belonging to the United States, to which plaintiff pretended to have a pre-emption right, and which he bound himself to convey by a good title to defendant ; that plaintiff had no pre-emption right to the land ; and that the United States had sold the land to a third person, which sale had come to defendant's knowledge, since the last term of the court. The sale by the United States was established. *Held,* that defendant could not be allowed to gainsay the admissions originally made by him, and that he must be estopped by his warranty, as vendor, from praying for a rescission on the ground of want of title in the plaintiff. Judgment in favor of the latter.

APPEAL from the District Court of Carroll, *Curry,* J.

*Dunbar*, for the appellant, and *Selby*, for the plaintiff, submitted this case without argument.

MORPHY, J. This is a suit by the payee, against the maker of a promissory note for $1500. The answer admits the defendant's signature, but avers that the consideration for which the note was made has failed ; that it was given for a tract of land sold to the defendant, by the plaintiff, which the defendant had himself originally sold to James A. Clarke, of Chicot county, Arkansas ; that in this sale it was expressly stipulated, that the defendant should have the privilege of purchasing back his land at the rate of twenty dollars per acre, the price paid to him by Clarke ; that the latter afterwards sold the land to the present plaintiff, subject to the privilege reserved by the defendant. The answer further alleges that the defendant has had great trouble and been at great expense in procuring titles to the land, but has only partially succeeded ; that the plaintiff has imposed upon him, and obtained his notes for the land at fifty dollars per acre, when in truth and in justice he was only bound for twenty dollars per acre ; that on a settlement of their accounts, defendant was induced to give plaintiff his notes, of which the note in suit is one, for a much greater sum than was justly due to him ; that by reason of his trouble and expense in procuring titles to the land in question, the defendant has incurred damage to the amount of five hundred dollars, which he prays may be allowed in compensation and reconvention. This answer was filed at the May term, 1839. At a subsequent term, to wit, on the fourth of May, 1840, an amended answer was filed, setting up that the note sued on, together with two others of an equal amount each, was given to the plaintiff as the consideration for a tract of land which the latter promised to convey to the defendant, the title to which land was at the time of the promise in the government of the United States ; that the plaintiff represented that he had a pre-emption claim which he had a right to transfer, and that he bound himself to perfect the same, and make a good title to the defendant ; that since the agreement and undertaking, the land in question has been sold by the government to one Thomas L. Norris, who now claims to have the legal and rightful title to the same, and threatens to sue and evict the defendant ; that this sale to Norris has been made, and has come to the knowledge of the de-

fendant, only, since the last term of the court. The amended answer further alleges, that, at the date of the notes given for the land, the plaintiff had no title or preference right whatever to purchase the same ; that even if he had any, he could not legally sell or transfer the same, such sales or transfers being prohibited by the laws of the United States ; and that as plaintiff has no title to the land, and as it is now out of his power to acquire any from the government, the consideration for which defendant's notes were given, has utterly failed. The amended answer concludes with a prayer that the contract between the parties be rescinded, that the notes be cancelled and delivered up to the defendant, and that the plaintiff be decreed to pay him $1000, for damage suffered in consequence of his failure to make him a good title to the land. There was a judgment below in favor of the plaintiff, from which the defendant has appealed.

The pleadings in this case have been thus minutely set forth, as there is very little evidence in the record, and the suit is to be decided mainly on facts furnished by the pleadings. If the amended answer of the defendant had been the only one before us, we would not hesitate to relieve him on the showing which it makes, and on the evidence adduced in relation to the sale of the land in question to Norris ;* but his first answer contains facts and admissions which we cannot disregard, and which he cannot be permitted to gainsay. It informs us that he was originally the vendor of this very tract of land to Clarke, and that the latter sold it to the present plaintiff, with the express understanding that the defendant, Holmes, should have the privilege of repurchasing it at twenty dollars per acre. We must, therefore, consider the reconveyance to him as nothing more than a performance, on the part of the plaintiff, of a stipulation made by himself in his sale to Clarke. His only complaint in his first answer is, that his notes were unfairly obtained by the plaintiff for fifty dollars, instead of twenty dollars per acre, which he says is justly due, and for a greater amount than the plaintiff was entitled to on a settlement of accounts between them. The defendant has not attempted to show any error in this settlement, nor any imposition practiced upon him by

---

* The land was proved to have been sold to Norris by the United States.

Estill v. Holmes.

the plaintiff, but, shifting entirely his grounds of defence, he urges, in his second answer, that there has been a total failure of the consideration for the notes, because the plaintiff had no title to the land at the time he sold or promised to sell it to him, he having bound himself to give him a good and absolute title, and because it is now out of his power to acquire any from the government, whose duly authorized officers have sold it to Thomas L. Norris. This defence cannot be listened to. It is clear that the defendant had a full and perfect knowledge of the situation of the title, under which the plaintiff held the land, and sold it to him ; that he knew the danger of eviction when he gave his notes, and that he cannot now resist the payment of the price on that score. Civ. Code, art. 2481.

It is equally clear that the defendant, being himself one of the previous vendors of the land, is bound to warrant and defend the title which passed from him to the plaintiff; that he must be estopped by the exception of warranty, when he prays for a rescission of the sale on the ground of an absence of title in the plaintiff. No satisfactory evidence has been adduced to convince us, that the latter had undertaken to convey to the defendant a more perfect title than that he received from Clarke, defendant's vendee. In relation to this pretended undertaking, the testimony is entirely too vague and inconclusive. It appears moreover, from the defendant's own showing, that his notes were given not only for the price of the land, but in payment of a balance due on a settlement of accounts between himself and the plaintiff, in which that price was included. If Thomas L. Norris has really bought this land *for his own account*, the defendant must blame himself for it, and cannot visit upon the plaintiff his neglect to perfect a title, which he knew was imperfect. For $200 36, instead of the $500, which he alleges, but does not prove, that he expended for that purpose, he might have acquired an absolute title.

*Judgment affirmed.*